UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DEANGELO-JUAN GANT,

    Plaintiff,

v.

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

Hon. Hala Y. Jarbou

Case No. 1:25-cv-1080

## OPINION

Pro se Plaintiff Eric Gant, who has been granted leave to proceed *in forma pauperis* (ECF No. 4), seeks extraordinary relief in this action. In fact, his requested relief is so extraordinary that this Court has neither the jurisdiction nor the authority to grant it. He claims to have, as King of the State of Michigan and the United States, "abolish[ed] the old law," and enacted his own King's law, complete with his own penal code and constitution. (ECF No. 1 at PageID.1–2.) For relief, he requests orders: (1) declaring that he is the King of the State Michigan and the United States and has abolished the "old law"; and (2) establishing that, as King, he is the overseer of this case. (*Id.* at PageID.2.)

It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Gant's allegations fit comfortably within this ambit. Furthermore, his allegations are frivolous under any accepted definition of the word and are therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(b)(ii).

*See Neitzke v. Wiliams*, 490 U.S. 319, 327–28 (1989) (A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless.). Neither this Court, nor any governmental institution of the State of Michigan or the United States, has the authority to appoint an individual King of a State or the United States.

Gant is no stranger to this Court. He has been granted leave to proceed *in forma pauperis* in several previous cases, all of which resulted in pre-service dismissals on grounds of lack of jurisdiction or failure to state a claim. *See Gant v. Standard Consumer*, No. 1:25-cv-398 (W.D. Mich.); *Gant v. U.S. Bankr. Ct.*, No. 1:25-cv-397 (W.D. Mich.); *Gant v. Orbit Leasing*, No. 1:25-cv-340 (W.D. Mich.); *Gant v. Nelnet*, 1:25-cv-339 (W.D. Mich.); *Gant v. United States*, No. 1:24-cv-754 (W.D. Mich.). Two of his cases filed earlier this year, Case Nos. 1:25-cv-339 and 1:25-cv-340, while not found to be frivolous, asserted the meritless theory that he had the right to discharge his own debt under the Uniform Commercial Code. The instant case is at a completely different level; it lacks even a half-hearted attempt to assert any claim.

It is well established that proceeding *in forma pauperis* is a privilege and not a right. *See Wolson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). A court may not completely foreclose a litigant from access to the court, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), but it has discretion to revoke the privilege of proceeding *in forma pauperis* in cases of repeated abuse. *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996); *see also Hopson v. Secret Serv.*, No. 3:12CV-770, 2013 WL 1092915, at *3 (W.D. Ky. Mar. 15, 2013) ("Given Mr. Hopson's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding in forma pauperis in any future action filed in this Court."). The Court hereby notifies

Gant that filing of further frivolous actions may result in the revocation of his ability to proceed *in forma pauperis* in this Court.

Therefore, the Court will dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Finally, the Court must decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's complaint is properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A separate judgment will enter.

Dated: September 22, 2025      /s/ Hala Y. Jarbou
                               HALA Y. JARBOU
                               CHIEF UNITED STATES DISTRICT JUDGE